IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA ANTHONY | ) | CASE NO: 1:18CV1273 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | | |

**Introduction**

Debra Anthony sought disability insurance benefits because of multiple physical and mental impairment most relevant to this decision a seizure disorder. The Commissioner found her capable of performing light work with additional postural and mental limitations.[1] As such the Commissioner found that she could perform a significant number of jobs existing in the national economy.[2] This decision lacks the support of substantial evidence in the record. I, therefore, reverse and remand for further consideration.[3]

**Analysis**

The oral argument in this case brought into focus the following controlling issue:

- The ALJ made an RFC finding that included standing and walking for six hours a day with no provision for a hand-held device for

---

[1] Transcript (Tr.) at 2259.
[2] Tr. At 2259=60.
[3] The parties have consented to my jurisdiction. ECF #19.

ambulation. Does substantial evidence support this finding?

The ALJ acknowledged that Anthony has the severe impairment of a seizure disorder.[4] The medical record shows that because of the seizure disorder she fell multiple times and experienced blackouts.[5] Dr. Hunt, Anthony's treating physician, made several observations in his clinical notes from 2009 -2010 that Anthony was using a walker or cane to assist in ambulation and at one point prescribed a wheelchair.[6] Other physicians and therapists in 2009 and 2010 made similar observations.[7]

Nonetheless, the ALJ concluded that the evidence did not support the need for an ambulatory device through September 2009 because an examination by a neurologist, Dr. Carl Rosenberg, in October 2009 found that Anthony had normal leg strength and that she her epilepsy was now under control.[8] The ALJ found that the evidence of frequent falls "seems to be related to [Anthony's] non-compliance with her seizure medication."[9]

"Great weight"[10] was given to the March 2009 physical capacity assessment of state agency reviewer Teresita Cruz, M.D. That assessment was that Anthony had capacity for light work with occasional balancing, stooping, crouching or crawling, and it

---

[4] Tr. at 2255.
[5] *Id*. at 460, 466, 506, 793.
[6] *Id*. at 532, 704, 850.
[7] Id. at 902 (Anthony's seizure disorder left her wheelchair bound); 811 (Anthony ambulates with a rolling walker because she has a risk of falling).
[8] *Id*. at 791-98.
[9] *Id*. at 2264.
[10] Tr. at 2262.

notes that although Anthony uses a walker, "there is no physical finding to explain this."[11]

In fact, the record shows that just four months before Dr. Cruz's assessment Anthony had been hospitalized for a seizure.[12] Just two months after Dr. Cruz's assessment - or in May 2009 - Dr. Rosenberg noted that Anthony had a diagnosis of epilepsy, had a history of "falling and blacking out," was ambulating with a walker and also expressly noted that Anthony "has one of her blacking spells every two or three days."[13]

Simply put, it is difficult to understand how "great weight" can be given to a reviewing doctor's functional assessment when that assessment predates a treating source's examination note that essentially contradicts it. Plainly, the treating source found – months after the reviewer filed her report – that the medical basis for Anthony's use of a walker was uncontrolled epilepsy that had resulted in a history of "falling and blacking out" – a history that in May 2009 was continuing with blackout spells every two or three days.

In addition, the ALJ's conclusion that because Anthony has normal muscle strength, reflexes and sensation, she has no need for assistance in ambulation[14] is not supported by the evidence. Dr. Rosenberg himself stated in the treatment note cited above that Anthony had normal motor strength, sensation and reflexes at the time he also noted that Anthony was regularly falling and blacking out.[15]

---

[11] *Id.* at 679.
[12] *Id.* at 453-54.
[13] *Id.* at 793.
[14] *Id.* at 2264.
[15] *Id.* at 793.

Therefore, on this record, substantial evidence does not support the findings of the ALJ as articulated. Despite evidence that Anthony's seizure impairment may have waxed and waned over time, the evidence cited by the ALJ does not make the case that she could stand and walk for six hours in a workday without a hand-held device for ambulation.

In remanding this case for reconsideration, I do not imply inevitability of a disability finding. In questioning the VE, the ALJ did not inquire about effect of the use of a hand-held device upon the occupational base. It may be that the addition of such a limitation may not preclude a significant number of jobs existing in the national economy.

**Conclusion**

The RFC adopted lacks substantial evidence because the ALJ did not articulate good reasons for omitting the use of a hand-held device for ambulation in the limitations included in the RFC finding or, alternatively, analyzing whether the inclusion of such a limitation would preclude a finding that a significant number of jobs existed in the national economy that Anthony could perform. I, therefore, reverse the decision of the Commissioner denying the application for disability insurance benefits and remand for reconsideration of the findings at Step 4 and Step 5 of the sequential evaluation process.

IT IS SO ORDERED.

Dated: September 17, 2019    s/ William H. Baughman, Jr.
United States Magistrate Judge